Filed        19-CI-01882    05/22/2019              Vincent Riggs, Fayette Circuit Clerk

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
DIVISION _____
CASE NUMBER 19-CI-_____
*ELECTRONICALLY FILED*

ERIC LOTZ & PAMELA LOTZ                      PLAINTIFF
Next Friends and Parents of:
MACKENZIE MORRIS, a Juvenile

vs.

STEAK N SHAKE INC.                                DEFENDANT

Addresses for Service of Process:
Corporation Service Company
421 West Main St
Frankfort, KY 40601

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Comes now the Plaintiffs, Eric and Pamela Lotz, parents of Mackenzie Morris, by and through counsel and does make the following as her Complaint against the Defendant, Steak N Shake, Inc, an Indiana Corporation.

### PARTIES

1. That the Plaintiffs are residents of Paris, Bourbon County, Kentucky and have been at all times relevant to this action.

2. That the Defendant is an active Foreign (Indiana) Corporation with its principal place of business located at 107 S/ Pennsylvania St, Suite 400, Indianapolis, Indiana, 46204.

Morris v. Steak N Shake, Inc.
Complaint
—1—

EXHIBIT A

Filed          19-CI-01882    05/22/2019          Vincent Riggs, Fayette Circuit Clerk

## JURISDICTION

3. That jurisdiction is proper before this Court as the Plaintiff has suffered damages in excess of the jurisdictional minimums.

4. Eric Lotz and Pamela Lotz are the parents of Mackenzie Morris, the injured juvenile.

5. The Plaintiff was injured while a guest at the Defendant's Steak N Shake restaurant located at 1832 Alysheba Way Lexington, Fayette County, Kentucky.

## FACTS

6. That the Plaintiff is and was at the time of these allegations a guest of the Defendant dining at the defendant's restaurant located in Lexington, Fayette Co., Kentucky.

7. That on or about April 7, 2019, the Plaintiff arrived at the facility owned and operated by the Defendant on Alysheba Way, Lexington, Fayette Co, Kentucky.

8. The Plaintiff had ordered her meal and was dining when she needed to visit the restroom.

9. While walking from the table to the restroom, the plaintiff slipped on a slick floor.

10. The plaintiff landed face first on the floor.

11. It is the plaintiffs' information and belief that she fell in a pool of water that had formed in the walkway on the floor.

12. Despite using ordinary care, the Plaintiff was not able to see the pool of water upon which she slipped.

13. While the Plaintiff fell in an unseen puddle of water, the floor was slick, even where dry.

14. It is the Plaintiff's information and belief that the floor had a coating of grease/cooking oil residue from the facility's cooking area.

15. The fall has caused the plaintiff to sustain serious and long term injuries.

Filed          19-CI-01882   05/22/2019          Vincent Riggs, Fayette Circuit Clerk

16. The Plaintiff's injuries as of the filing of this complaint are:

    a. Loss of consciousness, post fall;

    b. Mandibular Fracture;

    c. lacerations to lip and tongue;

    d. Multiple fractured teeth;

    e. Injury to her right knee.

17. The Plaintiff continues to recover from the fall and her injuries and as of the filing of this compliant her recovery is not complete.

18. The Defendant's dining room is designed in such a way as the Plaintiff was forced to walk in the section in which she fell.

19. The Defendant has a duty to maintain walkways located at the Defendant's property, in such a manner as for them to be safe for persons walking on the premises.

20. The Defendant knew or should have known that the dining room floor between the plaintiff's table and the restroom was a hazard to persons walking in the dining room.

21. The plaintiff was aware that the floor was coated with a slick residue and she made every reasonable effort to cross the floor safely.

22. The Defendant has a history of Health Code violations regarding the condition of its floors.

23. Lexington Fayette Co Health Department inspectors determined on November 8, 2018 and November 26, 2018 that the condition of the floors at the defendant's restaurant was in violation of the health code.

24. The Plaintiff did not see the pool of water on the floor, slipped in it, and fell to the floor of the Defendant's restaurant.

25. That the Plaintiff was seriously and permanently injured when she fell at the Defendant's

Filed          19-CI-01882   05/22/2019          Vincent Riggs, Fayette Circuit Clerk

restaurant.

26. The Defendant failed to provide the Plaintiff with appropriate and reasonably necessary safeguards and protections to guard against injury.

27. The Defendant knew or should have known under the circumstances of Plaintiff's fall that it was unsafe to allow the Plaintiff to walk on the Defendant's property.

28. The Defendant has a duty of care to visitors upon its property to anticipate harmful conditions upon the property despite knowledge or obviousness.

29. It was foreseeable that the Plaintiff and others similarly situated would be walking on the Plaintiff's floor and would not expect to be forced to navigate a greasy and wet floor.

30. Due to the activity that regularly occurs on the Defendant's property, namely grilling beef, deep frying potatoes, deep frying onions, serving food and drinks, walking from the entrance to the dining area, walking from dining area to the restroom, it is expected that the Defendant's floor will be free of grease, water, and other substances that would make the floor slick to walk upon.

31. The Defendant breached its duty to ensure that the walkway on the Defendant's property was maintained in a reasonably safe condition.

32. The Defendant breached its duty to warn invitees of unsafe conditions by not warning the Plaintiff of pool of water upon which the plaintiff slipped and fell.

## COUNT I: NEGLIGENCE

33. The Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in paragraphs 1–32 above as if fully copied and set forth herein.

34. That the Defendant had a duty to maintain the floors in its restaurant in such a manner as to keep them free from hazards or in the alternative to adequately warn guests of the hazards present on the property.

35. That the Defendant breached that duty as the Plaintiff had no expectation that the Defendant's restaurant floor had a puddle of water in the main walkway.

36. That the Defendant's breach of duty was a substantial factor in causing the injuries suffered by the Plaintiff and, as a result, the Plaintiff has been severely harmed.

37. As a result of the Defendant's negligence, there occurred a failure to meet the expected duty of care to the Plaintiff to provide a safe environment for those invited to its premises.

38. The Plaintiff has suffered permanent injuries to her jaw, teeth, knee and to her whole body. She continues to suffer physical and mental pain, has incurred medical expenses and is expected to incur future medical expenses.

39. That the Plaintiff's power to labor and earn money has been impaired as a result of these injuries.

## COUNT II: NEGLIGENT REPAIR AND MAINTENANCE

40. The Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in paragraphs 1–39 above as if fully copied and set forth herein.

41. That the Defendant failed to exercise reasonable care in the maintenance of the premises and more specifically failed to properly maintain the floor and eliminate the dangerous conditions that regularly occur in a restaurant with an open kitchen that grills beef burgers and prepares deep fried potatoes and onions.

42. That such negligence was a substantial factor in causing the Plaintiff's damages and injuries.

Filed          19-CI-01882    05/22/2019         Vincent Riggs, Fayette Circuit Clerk

## COUNT IV
## NEGLIGENCE PER SE

43. The Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in paragraphs 1–42 above as if fully copied and set forth herein.

44. The defendant has a duty to maintain its location at 1832 Alysheba Way, Lexington, Fayette, Co., Kentucky, in compliance with the Board of Health Regulations, state food laws, and state food regulations.

45. The violations of KRS 194A.050(1), KRS 211.090(3), 211.180(1), KRS 217.125(1), 902 KAR 45:160 by the Defendants creates a private right of action pursuant to KRS 446.070.

46. The Defendant's violations of the law have caused the Plaintiff real and measurable damages.

47. The Defendant was on notice of its duty of its violations of the statutes and regulations identified in paragraph 45. Despite this notice, the defendant allowed a dangerous condition to remain upon its premises and was the proximate cause of the Plaintiff's fall and resulting injuries.

## COUNT III: DAMAGES

48. The Plaintiff realleges and incorporates herein by this reference each of the aforementioned allegations contained in paragraphs 1–47 above as if fully copied and set forth herein.

49. As a result of the negligence, gross negligence, gross recklessness, gross wantonness and intentional conduct of the Defendants set forth herein, the Plaintiff sustained economic damages, physical damages and mental and physical pain and suffering

50. The actions of Defendant were so grossly negligent, grossly reckless and/or intentional, so as to entitle the Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff now prays from this Court,

1. Judgment against the Defendant.
2. Trial by jury.
3. Compensatory and punitive damages in excess of the jurisdictional limit.
4. For all legal fees, costs, and disbursements of this action heretofore or hereafter incurred including a reasonable fee for her attorneys; and
5. For any other or further legal or equitable relief that the Court deems just and equitable.

Respectfully Submitted,

BRIAN T. CANUPP, P.S.C.

/S/ Brian T. Canupp
Attorneys for Plaintiff
322 Main Street
Paris, Kentucky 40361
859-988-9658
Brian@canupplaw.com