UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ERIC LOTZ and PAMELA LOTZ, next friends and parents of M.M., a juvenile, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5: 19-277-DCR |
| V. | ) ) | |
| STEAK N SHAKE, INC., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the parties' motions in limine which seek to limit or exclude certain evidence each believes the other may attempt to offer during the trial of this matter, scheduled to begin November 2, 2021. [Record Nos. 87, 88] For the reasons that follow, each party's motion will be granted, in part, and denied, in part.

## I.

On April 7, 2019, M.M. joined her friend M.D., her biological mother Rebekah Morris, and her mother's friend Crystal Hart, for a meal at the defendant's Steak N Shake restaurant located at 1832 Alysheba Way in Lexington, Kentucky. During the meal, M.M. excused herself to visit the restroom. According to the plaintiffs, M.M. "slipped on a slick floor" and "fell in a pool of water" while walking to the restroom. M.M. allegedly landed face-first on the floor, sustaining serious injuries including a mandibular fracture, lacerations to the lip and tongue, and fractured teeth.

Eric and Pamela Lotz filed suit in Fayette Circuit Court on May 22, 2019, as parents and next friends of M.M. They allege that Steak N Shake was negligent in the maintenance of its floors and/or its failure to adequately warn guests of the hazards present on the property. [Record No. 1-1, p. 5] The plaintiffs also assert a claim of negligence per se based on the defendant's alleged failure to comply with "Board of Health Regulations, state food laws, and state food regulations." *Id.* p. 6. Steak N Shake removed the matter to this Court on July 11, 2019, based on diversity jurisdiction. 28 U.S.C. § 1332.

## II.

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). It is often difficult to resolve evidentiary objections outside the context of trial, and Courts will exclude evidence on a motion in limine only when the challenged evidence is clearly inadmissible. *See Morningstar v. Circleville Fire & EMS Dep't*, 2018 WL 3721077, at *1 (S.D. Ohio Aug. 6, 2018); *Figgins v. Advance Am. Cash Advance Ctrs. Of Mich., Inc.*, 482 F. Supp.2d 861, 865 (E.D. Mich. 2007).

When there is an arguable basis for admitting the challenged evidence, "[t]he better practice is to deal with questions of admissibility as they arise." *Morningstar*, 2018 WL 3721077, at *1. Whether to grant a motion in limine falls within the trial court's discretion. *Id.* (citing *Delay v. Rosenthal Collins Grp., LLC*, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012)). The Court's ruling on a motion in limine is preliminary and may change at trial for whatever reason the Court deems appropriate. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *Luce*, 713 F.2d at 1239).

A few other basic principles bear emphasizing before addressing the parties' various evidentiary arguments. First, relevant evidence is admissible unless it is excluded under a specific Rule of Evidence. Fed. R. Evid. 402. And evidence is relevant if it has any tendency to make a material fact more or less probable than it would be without the evidence. Fed. R. Evid. 401(a). Next, relevant evidence may be excluded under Rule 403 if its probative value is *substantially* outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, unfair delay, wasting time, or needlessly presenting cumulative evidence.

## III.

### A.     Defendant's Motion in Limine

#### 1.     Food Establishment Inspection Report dated November 11, 2018

The defendant has moved to exclude any and all references to a Food Establishment Inspection Report dated November 11, 2018, which states, in part, "areas of floor in poor repair."[1] The defendant contends that the report is inadmissible hearsay and is irrelevant, as M.M. contends that she slipped on water, not due to the condition of the floor. Indeed, M.M. testified unequivocally in her February 27, 2020 deposition that she slipped on water. [Record No. 87-1, p. 2] Further, the plaintiffs reallege in their Final Pretrial Memorandum that "M.M. fell on a slippery substance on the floor."

The plaintiffs have not explained how evidence of the floor being in poor repair on November 11, 2018, has a tendency to make a fact at issue in this matter more or less probable than it would be without that evidence. The plaintiffs suggest that the Report's statement

---

[1]     This document was tendered to the Court as "Plaintiffs Exhibit 20." The defendant does not appear to dispute that the report was created by a representative of the Lexington-Fayette County Health Department on November 11, 2018. However, the document provided to the Court does not include a signature or date.

regarding "poor repair" could have simply meant that the floor was dirty. However, the plaintiffs go on to emphasize that Steak N Shake's manager, Robert Fint, testified during his deposition that the defendant did not make any *repairs* to the floor between November 26, 2018, and April 7, 2019. [Record No. 95, p. 2] The plaintiffs have not explained the relevance of these facts, other than to suggest that the defendant has a history of poorly maintaining the floor in its restaurant.

To the extent the plaintiffs seek to show that the defendant has a history of being negligent and acting in conformity with that character at the time of M.M.'s fall, this is impermissible under Rule 404 of the Federal Rules of Evidence. And even if such evidence is marginally relevant, the probative value is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, and wasting time. *See Williams v. Manitowoc Cranes,* LLC, 2016 WL 7666142, at \*2-3 (S.D. Miss. Oct. 7, 2016) (excluding evidence of defendant's past acts "which supposedly reflect a lax attitude towards safety"). Accordingly, the defendant's motion in limine will be granted regarding the Food Establishment Inspection Report.

### 2. M.M.'s sweatshirt and shoes from the date of the fall

The plaintiffs seek to introduce the sweatshirt and shoes M.M. was wearing at the time of her fall. The defendant contends that plaintiffs should be precluded from introducing these items because the plaintiffs did not disclose them prior to the deadline for making disclosures under Rule 26(a) and (e) of the Federal Rules of Civil Procedure. In response, the plaintiffs contend that their counsel was unaware that M.M. still had the shoes and sweatshirt until after discovery had ended. As soon as counsel learned the items were still in the plaintiffs'

possession, counsel offered defense counsel an opportunity to inspect the items on November 19, 2020.

A party is required to make its initial disclosures based on the information reasonably available to it at the time. *See Consumer Financial Protection Bureau v. Borders & Borders, PLC*, 2016 WL 9460472, at *3 (W.D. Ky. June 16, 2016) (citing Fed. R. Civ. P. 26(a)(1)(E)). A party's failure to fully investigate its case is not an acceptable excuse for failure to comply with the rule. *See id.* When a party fails to comply with the disclosure provisions of Rule 26(a)(1)(A)(i) or supplement an earlier disclosure as required by Rule 26(e), the provisions of Rule 37(c) come into play. Rule 37(c) provides that, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The plaintiffs have not established that their failure to disclose the sweatshirt and shoes was substantially justified. Counsel for the plaintiffs have not explained why these items were not produced sooner. Based on counsel's failure to state otherwise, it appears counsel did not ask M.M. or her parents if they had the items.

Contrary to the plaintiffs' suggestion, the Court is unpersuaded that the delay in disclosure, well past the close of discovery, was harmless. M.M. is expected to testify at trial and may explain the events that transpired, the injuries caused by her fall, and the damages that resulted. It is unclear why the plaintiffs' need to present these items to the jury would override the prejudice to the defendant caused by the plaintiffs' lengthy, unexplained delay in producing them.

### 3.     Medical testimony by plaintiffs and/or hearsay statements by treating physicians

The defendant contends that "[t]he Plaintiffs should not be allowed to offer medical opinions on their own behalf, testify with regard to anything they were told by physicians, or testify with regard to the opinions of treating physicians." [Record No. 87, p. 3] This request is too broad for an in limine ruling, as the defendants do not identify any particular evidence they find objectionable. While lay persons might be precluded from testifying about specific medical diagnoses, they typically are permitted to testify about their own symptoms. *See Williams v. Hamilton Cnty.*, 2018 WL 1586234, at *2 (E.D. Tenn. Mar. 31, 2018) (applying Tennessee law). In short, the Court does not have enough information about the expected testimony to say whether it would be permissible.

The same is true with respect to the portion of the defendant's motion seeking to exclude "anything [plaintiffs] were told by physicians" or the "opinions of treating physicians." Such testimony is hearsay only if offered to prove the truth of the matter asserted therein. Since the Court does not know the asserted purpose of any such testimony, a ruling on its admissibility would be premature. Accordingly, this portion of the defendant's motion in limine will be denied.

### 4.     Motion to preclude suggestion of spoliation or destruction of evidence

The defendant asks the Court to preclude the plaintiffs from suggesting spoliation or destruction of a surveillance video. In support, it states: "Video footage from the time of Plaintiff's fall was not retained. At no time prior to any such footage becoming unavailable did Steak N Shake receive from Plaintiff a preservation letter or request to preserve any

footage. By the time of this lawsuit's filing, no surveillance footage was available." The defendant also contends that the lack of video footage is irrelevant and unduly prejudicial.

Federal law applies in determining whether spoliation sanctions are appropriate. *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010). A party seeking an adverse jury instruction based on the destruction of evidence must establish the following:

> (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Id.* (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). An obligation to preserve evidence may arise "when a party should have known that the evidence may be relevant to future litigation." *Id.* (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)).

Deciding the appropriate sanction for spoliation, if any, results from a fact-intensive inquiry, which recognizes "that a party's degree of fault may range from innocence through the degrees of negligence to intentionality." *Id.* at 554 (cleaned up) (quoting *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009)). Sanctions may include allowing the aggrieved party to question a witness in front of the jury about the missing evidence and instructing the jury to make an adverse inference based on the absent evidence. *See Murphy v. Sandoval Cnty.*, 2019 WL 8835753, at *3 (D. N.M. Feb. 13, 2019).

The Court does not have sufficient information to rule on this portion of the defendant's motion. The plaintiffs have provided deposition testimony of Steak N Shake manager Robert Fint who reports that he was on the premises on April 7, 2019, when he was advised "something happened in the lobby." [Record No. 95-1] Shortly thereafter, he called "Liz,"

who came in and "took over." According to Fint, Liz took photographs and "got the accident report together and everything." Fint, who reportedly had worked at Steak N Shake for 12 or 13 years, stated that the restaurant has "cameras all over." When asked whether he knew Steak N Shake's policies and procedures on preserving video footage, he said "I just know when something happens, we're supposed to download it and send it into the office and to the risk management."

The parties have not identified Steak N Shake's retention policy or any other circumstances surrounding the destruction of the footage. And while Fint testified that the restaurant had cameras "all over," it is unclear that there actually was footage of M.M.'s fall that would be relevant to the action. Accordingly, the Court reserves ruling on this issue.

**5.  Motion to preclude references, suggestions, or argument referring to M.M. as a victim.**

The defendant contends that any reference to M.M. as a "victim" incorrectly implies the existence of a criminal proceeding and would tend to inflame the jury. The plaintiffs object, arguing that M.M. *was* a victim of the defendant's negligence and therefore should be permitted to refer to herself as such during trial. In support, the plaintiffs cite Black's Law Dictionary, which defines "victim" as "[a] person harmed by a crime, tort, or other wrong." Victim, Black's Law Dictionary (11th ed. 2019). While it is the plaintiffs' position that M.M. is a victim, use of this term is argumentative and, if used repeatedly, could become prejudicial. *See, e.g., Chism v. New Holland N.A., Inc.*, 2010 WL 11520495 (E.D. Ark. Feb. 1, 2010). Accordingly, the plaintiffs may not refer to M.M. as a victim during the proceedings.

**6. Motion to preclude "send a message" or "conscience of community" arguments**

The defendant seeks to preclude the plaintiffs from urging jurors during voir dire, opening statement, closing argument, or any other time, to "send a message" or act as the "conscience of the community." The defendant contends that such statements are inherently prejudicial because they urge the jury to render a verdict based on passion and prejudice. The plaintiffs counter that the jury *is* the conscience of the community and the plaintiffs are permitted to say so.

Such arguments are disfavored in this circuit. *See Brooks v. Caterpillar Global Mining Am.*, 2017 WL 3401476, at *8 (W.D. Ky. Aug. 8, 2017) (citing *Strickland v. Owens Corning*, 142 F.3d 353, 358-59 (6th Cir. 1998)). Pleas for the jury to "send a message" can become an "improper distraction from the jury's sworn duty to reach a fair, honest and just verdict." *Lock v. Swift Transp. Co. of Arizona, LLC*, 2019 WL 6037666 at *2 (W.D. Ky. Nov. 14, 2019). This tactic encourages the jury to go beyond applying the law to the facts of the case and, therefore, the risk of prejudice outweighs any possible benefit of permitting such arguments. *See Brooks*, 2017 WL 3401476, at *8. Accordingly, this portion of the defendant's motion in limine will be granted.

**7. Motion to preclude any reference to Defendant's employees asking Plaintiff to sign a document following the incident.**

Defendant seeks to exclude evidence of Steak N Shake employees "attempting to have Plaintiff sign a document following the accident." In support, the defendant argues this conduct is irrelevant as it "obviously had no bearing on the accident." Further, the defendant contends, it is unduly prejudicial because it is intended to make the defendant appear callous.

The defendant may seek to renew this objection at trial but, for now, has not provided sufficient grounds to have it excluded. The parties have not described the document or identified who in particular was asked to sign it. Accordingly, this portion of the defendant's motion in limine will be denied.

### 8. Motion to exclude lay witness opinion testimony regarding floor maintenance

Two of the plaintiffs' anticipated witnesses, who the defendant does not identify by name, apparently were previously employed by Waffle House. The defendant anticipates that these witnesses may attempt to testify regarding Waffle House's policies and procedures or general standards for floor maintenance and mopping. The defendant contends that such testimony would constitute an expert opinion under Rule 702 and, therefore, should be excluded.

The plaintiffs argue that the defendant has offered no basis for its belief that these witnesses will testify regarding these issues. However, the plaintiffs go on to state that the witnesses "are allowed to offer testimony regarding their personal knowledge and experience as employees in the restaurant service industry." The plaintiffs further contend that, "to the extent that they have personal knowledge regarding floor maintenance and mopping in public restaurants, they can testify to such matters."

It is unclear why Waffle House's policies and procedures for maintenance and mopping would be relevant to this action. To the extent these unidentified witnesses would testify regarding an industry standard, this requires specialized knowledge within the scope of Rule 702 of the Federal Rules of Evidence. *See City of Owensboro v. Ky. Utilities Co.*, 2008 WL 4642262, at *2 (W.D. Ky. Oct. 14, 2008) (collecting cases in which experts, rather than lay

witnesses, were required to testify to industry standards). Accordingly, this portion of defendant's motion in limine will be granted.

9. **Motion to preclude or limit use of video "snippets" in opening statements or closing argument**

The defendant argues that the plaintiffs should not be permitted to play video "snippets" during opening statements or closing arguments without having the Court review them first. The plaintiffs contend that use of video snippets during opening statements and closing arguments is appropriate, but appear to agree that the parties should be permitted to present these to the Court prior to trial. Accordingly, ruling on the defendant's motion will be reserved and the parties will be directed to present any such demonstrative aids to the Court for review in advance of trial.

10. **"Safety rules," "reptile theory," and "community standards"**

The defendant, as a possessor of land, has a duty to maintain a reasonably safe premises for its patrons. *See Dick's Sporting Goods, Inc v. Webb*, 413 S.W.3d 891, 897 (Ky. 2013). Any theory which requires the defendant "to take the safest possible action," is an incorrect statement of the law. Additionally, any argument that "invite[s] decision based on bias and prejudice rather than consideration of the facts" should be excluded. *Johnson v. BLC Lexington SNF, LLC*, 2020 WL 7322718, at *9 (E.D. Ky. Dec. 11, 2020).

To the extent the plaintiffs would present a "golden rule"-style argument or suggest that a proprietor is the insurer of its guests' safety, the motion will be granted. *See Brooks*, 2017 WL 3401476 at *8-*9; *Murphy v. Second Street Corp.*, 48 S.W.3d 571, 574 (Ky. Ct. App. 2001). That said, the Court has no basis to "exclude" an undefined theory that the plaintiffs may or may not intend to pursue. To the extent the defendant believes that particular

evidence is irrelevant or statements made by counsel to the jury constitute a misstatement of the applicable law, the defendant is free to assert objections at trial. Accordingly, this portion of the defendant's motion in limine will be denied, in part, and granted, in part.

## 11. Unopposed portions of the defendant's motion

The defendant has made several arguments that the plaintiffs do not oppose. These include: exclusion of expert disclosures; exclusion of any reference to changes in defendant's policy following the accident; exclusion of any testimony regarding legal duties or legal conclusions; exclusion of any reference to efforts to engage in pretrial settlement negotiations; exclusion of any reference to financial disparity of the parties; exclusion of any reference to liability insurance; exclusion of any reference to Steak N Shake's financial condition; preclusion of any "Golden Rule"-style references or arguments; and exclusion of evidence of other claims, lawsuits, or alleged bad acts by or involving the defendant. Accordingly, the defendant's motion will be granted with respect to these issues.

## B.    Plaintiffs' Motion in Limine

## 1.    Evidence and/or references to frivolous lawsuits and/or tort reform

The plaintiffs seek to exclude any evidence of or references to frivolous lawsuits or tort reform. The jury must decide this case based on the evidence presented at trial. References to "tort reform" and "frivolous lawsuits" are not relevant and could only be used to inflame the jury. *See Collins v. Benton*, 2020 WL 3618982, at *11 (E.D. La. July 2, 2020). Arguments must be confined to the evidence and must not appeal to passion, prejudice, or sympathy in an unfair way. Arguments by counsel which invite the jury to base its verdict on considerations not relevant to the merits of the case are improper.

## 2.    Retention of counsel and fees

Defendant contends it should be permitted to introduce evidence and make arguments about the timing of plaintiffs' retention of counsel and the impact it had on the course of M.M's medical treatment and this case in general.  In support, it cites *Jones v. Mathis*, 329 S.W.2d 55 (Ky. 1959), in which the jury heard evidence that the plaintiff in an automobile collision case called her lawyer before she called a doctor's office and did not see a doctor until two weeks later.  Ten weeks after the accident, a physician examined the plaintiff and determined that there was no evidence of trauma.  The Court stated, "it is therefore obvious that the jury could have concluded that the medical expenditure was unnecessary or unreasonable." *Id.* at 57.

The plaintiffs maintain that any reference to, or evidence of, plaintiffs' retention of counsel is irrelevant, unduly prejudicial, and protected by attorney-client privilege.  However, the mere fact and date of retention generally is not protected by the attorney-client privilege. *See e.g., Matter of Search*, 2020 WL 4373447, at *11 (W.D. Ky. July 10, 2020); *Universal City Dev. Patterns, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, 691 (M.D. Fla. 2005); *Jones v. Dalton*, 2011 WL 13363748, at *2 (D. N.J. May 10, 2011).  And as illustrated by the Kentucky Supreme Court's decision in *Jones*, the date of retention may be a relevant factor in considering whether medical expenditures are necessary or reasonable.  The plaintiffs have not explained why such evidence would be unduly prejudicial such that it should be excluded under Rule 403.  Accordingly, this portion of the plaintiffs' motion in limine will be denied.

## 3.    Expression of regret or apology by the defendant.

The plaintiffs seek to preclude the defendant from expressing regret or apologizing for M.M.'s harm.  However, "[a] casual or occasional expression of regret at a tragic event or outcome is a basic human response and is not likely to divert a jury from its fact-finding duty

based on actual evidence presented during the course of the trial." *Walker v. United Healthcare of Hardin, Inc.*, 2010 WL 3092648, at 7* (W.D. Ky. 2010) (quoting *Brown v. Crown Equip. Corp.*, 445 F. Supp. 2d 59, 71 (D. Me. 2006)).  The defendant has significant leeway in its closing argument and will not be forced to appear callous or uncaring before the jury.  It may argue that M.M.'s fall was a regrettable occurrence that was not the result of negligence on the defendant's part.

### 4.      Special efforts required by trier of fact

The plaintiffs contend that the Court should exclude "any reference or suggestion that the trier of fact must extend special efforts to be fair and impartial to the defendant."  This is an improper request for a motion in limine.

### 5.      Ex parte statements

The plaintiffs ask to exclude "any reference or suggestion as to the contents of an *ex parte* statements or report of any person not being there present in the court to testify and be cross-examined."  As the defendants suggest, this appears to be a blanket request to exclude hearsay and, therefore, is overbroad.  Motions to exclude hearsay should be presented during trial based on specific rules of evidence (or, conversely, exceptions to those rules).  Accordingly, this portion of the plaintiffs' motion in limine will be denied.

### 6.      Failure to call equally available witnesses

The plaintiffs move to exclude any reference or suggestion that the plaintiffs have not called to testify any witness equally available to both parties in this case.  The defendant opposes this portion of the plaintiffs' motion.  The Sixth Circuit has held that it is impermissible to draw an inference from a party's failure to call witnesses that were equally available to both sides.  *Walker*, 2010 WL 3092648, at *8 (citing *United States v. Virgen-*

- 14 -

*Moreno*, 265 F.3d 276, 291 (6th Cir. 2001). The defendant has not explained why it should be permitted to make such references in light of the Sixth Circuit's holding. Accordingly, this portion of the plaintiffs' motion in limine will be granted.

### 7. References to seizures or blackouts by laypersons

Two eyewitnesses to M.M.'s fall testified during their depositions that M.M. had a seizure. The plaintiffs seek to preclude lay witnesses from using terms such as "seizure" or "blackout" during their testimony. They contend such would constitute impermissible expert testimony. Rule 701 of the Federal Rules of Evidence governs the admissibility of opinion testimony from lay witnesses. It provides that "testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

The defendants correctly note that lay witnesses may offer opinion testimony on a person's physical condition if the condition is one that would be easily identifiable to a lay person. *See United States v. Morrow*, 785 F. App'x 335, 340 (6th Cir. 2019); *Easley v. Haywood*, 2015 WL 1927698, at *2 (S.D. Ohio Apr. 28, 2015). However, they may not testify regarding medical diagnoses that require the application of specialized knowledge.

Most of the deposition testimony identified by the parties is not problematic because witnesses are free to describe what they observed. [Record No. 88, p. 5; Record No. 96, pp. 4-5] However, "seizure" is formal medical diagnosis that requires examination and diagnostic testing. *See Gress v. Smith*, 2018 WL 6421254, at *12 n.16 (E.D. Cal. Dec. 6, 2018). Laypersons should avoid describing the event as a "seizure" because they are not qualified to comment on whether M.M. had that diagnosis.

But there is no indication that "blackout" constitutes a formal medical diagnosis. Therefore, witnesses may use this term to describe their observations. The plaintiffs will be free to point out that these witnesses are not qualified to diagnosis medical conditions. Accordingly, the plaintiffs' motion in limine will be granted, in part, and denied, in part.

### 8. Defendant's Exhibit 6—"Insurance Forms"

Plaintiffs seek to exclude an insurance form dated June 26, 2019, which appears to be an authorization request from M.M.'s dentist, Dr. Julie Rambo. The defendant has agreed that it will not seek to introduce the first page of the two-page document, which includes information concerning payment of the claim. However, it will seek to introduce the second page which does not include any claim information. Instead, it lists thirteen criteria related to the severity of M.M.'s orthodontic condition. Dr. Rambo was given the option of checking "yes" to indicate that M.M. had certain conditions or "no" to indicate that she did not. Rambo checked "no" for each of the 13 conditions.

Defendant maintains that the document concerns the severity of M.M.'s injuries, which clearly is relevant under Rule 401. To the extent the plaintiffs contend admission of the document would be unduly prejudicial under Rule 403, they have not explained why. As this Court has often repeated, the bar for exclusion of relevant evidence under Rule 403 is high. *See, e.g., United States v. Gowder*, 2018 WL 6932119, at *2 (E.D. Ky. Nov. 14, 2018). Accordingly, this portion of the plaintiffs' motion in limine will be denied.

### 9. Testimony of Elizabeth Weis

The plaintiffs have moved to exclude the testimony of Elizabeth Weis because she was not identified in the defendants' Rule 26(a)(1) disclosures or in written discovery. The defendants object, reporting that Weis's employment with Steak N Shake ended shortly after

M.M.'s fall and "the defendant had substantial difficulty" locating Weis. It is unclear when the defendants located Weis or disclosed her as a witness, but she is included in the proposed witness list the defendants provided on January 11, 2021.

Federal Rule of Civil Procedure 37(c)(1) clearly states that when a party fails to identify a witness as required under Rule 26(a) or (e), the party is not allowed to use that witness to supply evidence unless the failure was substantially justified or harmless. A noncompliant party may avoid sanction if "there is a reasonable explanation of why Rule 26 was not complied with or if the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010).

The Sixth Circuit has identified the following factors to assess whether a late or omitted disclosure is substantially justified or harmless: surprise to the party against whom the evidence would be offered; ability of the opposing party to cure the surprise; the extent to which allowing the evidence would disrupt the trial; the importance of the evidence; and the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015). As the offending party, the defendant bears the burden of showing that its violation was substantially justified or harmless. It has made very little effort to do so, as it has not even explained what efforts it made to locate Weis prior to the deadline for disclosure. Discovery has been closed for approximately seven months and the trial date is now approaching. The plaintiffs' motion to exclude Wiess's testimony will be granted.

### 10.    Biological mother's past drug addition

The plaintiffs seek to preclude any references to M.M.'s biological mother's past drug addiction or suggestions that her drug issues were the cause of M.M.'s adoption. Defendant

contends that these matters "directly impact her credibility as a witness and explain why [M.M.'s] aunt has brought this action on her behalf." However, specific instances of conduct may be inquired into only if they are probative of character for truthfulness or untruthfulness. Fed. R. Evid. 608(b). Accordingly, evidence of a witness's past drug use is not admissible to impeach the witness's character for truthfulness. *See M. v. New York City Transit Auth.*, 781 N.Y.S. 2d 865 (N.Y. S. Ct. Aug. 9, 2004); *Lagrone v. State*, 942 S.W.2d 602, 612-13 (Ct. Crim. App. Tx. Feb. 5, 1997). With respect to any evidence concerning the circumstances of M.M.'s adoption, the defendant has not explained why *it* needs to explain to the jury why M.M.'s aunt has brought the action on M.M.'s behalf. Accordingly, this portion of the plaintiff's motion in limine will be granted.

### 11. Threat of a lawsuit by a nonparty

According to the parties, a patron in the restaurant began exclaiming some variation of "this is a lawsuit" immediately after M.M.'s fall.[2] The defendant contends that the statement "establishes how the notion of a lawsuit was put into the minds of Plaintiff and her mother even though such a suit was not support by the facts of the occurrence." [Record No. 96, p. 8] Additionally, the defendant contends it will be used to show bias on the part of David Wilson, who is expected to testify.

The plaintiffs argue that the evidence is inadmissible hearsay, but the defendant does not seek to introduce it for the truth of the statement. The plaintiffs also include a conclusory argument that the evidence is unduly prejudicial under Rule 403. However, it appears that any

---

[2] The parties do not say so explicitly, but it appears that David Wilson is the patron who exclaimed "this is a lawsuit!"

prejudice may be mitigated by the plaintiffs' explanation of the events leading up to their filing of the lawsuit. Accordingly, this portion of the plaintiffs' motion in limine will be denied.

### 12. Defendant's Exhibit 7—911 call

At least three individuals called 911 immediately after M.M.'s fall. One of those persons was Crystal Hart, a friend of M.M.'s mother, who had accompanied them to Steak N Shake that day. [Record No. 88-10, p. 3] According to the defendant, Hart stated: "My friend's kid, she just kind of blacked out, and she fell in Steak N Shake off Man O' War." In her deposition, Hart confirmed having called 911 but testified that she had observed M.M. slip and fall and that she had not "blacked out." [*Id.*; Record No. 96, p. 10] Defendant seeks to introduce a recording of the 911 call and the plaintiffs object for various reasons.

First, the plaintiffs contend that the defendant should be barred from introducing the recording because it was not disclosed in the defendant's Rule 26 disclosures. The defendant responds that it "had no reason to anticipate that [Hart] would testify inconsistently with the 911 call until her deposition was taken, which occurred after the defendant's initial disclosures." [Record No. 96, p. 9] However, the defendant ostensibly was aware that the 911 recording supported its defense theory, i.e., that M.M. suffered a medical event that led to her fall. The defendant has not provided a sufficient excuse for its failure to disclose the recording earlier and therefore may not introduce it as *substantive* evidence.

But evidence that will be used solely for impeachment is not subject to Rule 26 disclosure requirements. Rule 613(b) of the Federal Rules of Evidence explains that extrinsic evidence of a prior inconsistent statement is admissible if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it. The rule applies when two statements, "one made at trial and one made

previously, are irreconcilably at odds." *United States v. Harris*, 881 F.3d 945, 949 (6th Cir. 2018) (quoting *United States v. Fonville*, 422 F. App'x 473, 481 (6th Cir. 2011)). Crystal Hart is expected to testify at the trial in this matter. Assuming she testifies inconsistent with the statements made in the 911 call and denies having made the statements, the defendant may play relevant portions of the call during cross examination and question Hart about the statements made therein. *See* Fed. R. Evid. 613(b); *Williams v. United Dairy Farmers*, 188 F.R.D. 266, 274 (S.D. Ohio 1999) (citing *United States v. Davis*, 1994 WL 362061, at *3 (6th Cir. July 12, 1994)).

Extrinsic evidence of a prior inconsistent statement must be authenticated. *See Harris*, 881 F.3d at 949; *United States v. Craig*, 953 F.3d 898 (6th Cir. 2020). Rule 901(b)(1) of the Federal Rules of Evidence provides that authenticity may be established by "[t]estimony of a witness with knowledge that a matter is what it is claimed to be." Accordingly, Hart should be able to verify that the recording is that of her call to 911 on the day of M.M.'s fall. *See George v. Bradshaw*, 2017 WL 1233904 (N.D. Ohio Feb. 28, 2017). Additionally, the identity of the speaker may be established through circumstantial evidence. *See, e.g., United States v. Hunter*, 2006 WL 3196929, at *5 (E.D. Tenn. Nov. 2, 2006); *United States v. Lo Bue*, 180 F. Supp. 955 (S.D.N.Y. 1960).

The plaintiffs argue that they are forced to "speculate as to the declarant's identity" since multiple witnesses called 911 following M.M.'s fall. However, the caller identified herself as a friend of M.M.'s mother. The defendant contends (and the plaintiff does not dispute) that there is no other potential caller who fits that description. If necessary, the parties may play the recording and present arguments outside the jury's presence to determine whether the defendant has sufficiently established that Hart is the speaker on the 911 call.

Based on the foregoing, the Court will grant, in part, this portion of the plaintiffs' motion in limine.

**13.    Unopposed portions of the plaintiffs' motion**

The defendants do not oppose several portions of the plaintiffs' motion. They include exclusion of evidence of the plaintiffs' financial position; exclusion of evidence regarding the plaintiffs' tax liability on damages awarded; exclusion of any evidence of a damages award's effect on society; exclusion of any evidence of a damages award's effect on the plaintiffs; exclusion of any commentary on objections or excluded evidence; exclusion of any evidence regarding collateral source payments; and exclusion of any evidence concerning offers to compromise or settle claims. Accordingly, these portions of the plaintiffs' motion in limine will be granted.

**IV.**

Based on the foregoing, it is hereby

**ORDERED** as follows:

1.      The defendant's motion in limine [Record No. 87] is **GRANTED**, in part, and **DENIED**, in part.

2.      The plaintiffs' motion in limine [Record No. 88] is **GRANTED**, in part, and **DENIED**, in part.

3.      The parties shall provide to the opposing party and tender to the undersigned's chambers copies of any audio and/or visual aids intended to be used during opening statements **on or before Friday, September 10, 2021**. If the parties intend to play videos, these should be provided in the form of a CD or flash drive.

Dated: June 3, 2021.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky